NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAREN F. DESOTO, | Civil Action No. 11-646 (SRC) |
| Appellant, | OPINION |
| v. | |
| NORRIS MCLAUGHLIN & MARCUS, P.A., | |
| Appellee. | |

**CHESLER**, District Judge

This matter comes before the Court upon Appellee Norris McLaughlin & Marcus, P.A.'s ("Appellee" or "NMM") motion to dismiss Appellant Karen DeSoto's ("Appellant") appeal of an order entered by the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court"), for lack of subject matter jurisdiction. Appellant has filed an opposition to the motion. The Court has considered the papers filed by the parties and rules on the written submissions and without oral argument, pursuant to Federal Rule of Bankruptcy Procedure 8012. For the reasons discussed below, the Court will grant the motion to dismiss.

I. BACKGROUND

On June 14, 2005, Appellant filed for Chapter 7 bankruptcy relief under the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* Her petition was prepared and signed by Robert L. Schmidt of NMM, who remained Appellant's primary attorney in the bankruptcy case and

associated adversary proceedings.  On February 22, 2010, Appellant, acting pro se, filed two motions in Bankruptcy Court seeking entry of an order: (1) requiring NMM to disgorge fees collected in the case due to a conflict of interest, and (2) holding NMM in contempt for failing to comply with a March 1, 2010 court Order which compelled it to provide an accounting of fees.  On December 8, 2010, the Bankruptcy Court denied Appellant's motions.  Subsequently, on December 28, 2010, Appellant electronically filed a notice of appeal with the District Court which Appellee now seeks to dismiss as untimely under Federal Rule of Bankruptcy Procedure 8002.

## II. DISCUSSION

Appellee moves to dismiss the appeal based on lack of jurisdiction.  This motion to dismiss for lack of subject matter jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1).  Appellee does not challenge subject matter jurisdiction based on the face of the pleading, rather it challenges the existence of subject matter jurisdiction in fact, based on failure to comply with the procedural requirements of the Federal Rules of Bankruptcy Procedure ("FRBP").  *See, e.g., Mortensen v. First Fed. Sav. & Loan Assoc.*, 549 F.2d 884, 891 (3d Cir. 1977) (drawing distinction between facial and factual attack on subject matter jurisdiction under Rule 12(b)(1)).  In considering a factual Rule 12(b)(1) motion, the Court "can look beyond the pleadings to decide factual matters related to jurisdiction." *Cestonaro v. United States*, 211 F.3d 749, 752 (3d Cir. 2002).  The plaintiff bears the burden of persuasion to show subject matter jurisdiction exists when it is challenged under Rule 12(b)(1).  *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.1991).

This Court has jurisdiction to hear appeals of final judgments and orders of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1).  All Bankruptcy Court appeals are subject to the requirements of 28 U.S.C. § 158(c)(2), which provides that appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules."  Rule 8002 provides, in relevant part, that "notice of appeal shall be filed with the clerk within 14 days of the date of entry of the judgement, order, or decree appealed from."  Fed. R. Bankr. P. 8002(a) (2009).  In the recently decided precedential case *In re Caterbone*, the Third Circuit held that even though 8002 is a bankruptcy rule specifying the time within which an appeal must be filed, its statutory incorporation "renders its requirement statutory and hence, jurisdictional and non-waivable."  *In re Stanley J. Caterbone*, No. 07-2151, 2011 U.S. App. LEXIS 6782, at *6 (3d Cir. Apr. 4, 2011).  Therefore, failure to file a timely notice of appeal amounts to a jurisdictional defect and bars district court review of a bankruptcy appeal.

In *In re Caterbone*, the Debtor's petition for bankruptcy was dismissed on October 3, 2006 and the final order of dismissal was entered on October 5, 2006.  *In re Caterbone*, 2011 U.S. App. LEXIS 6782 at *2.  On October 16, 2006, Debtor mailed a notice of appeal to the District Court and on October 19, 2006 the notice was filed.  *Id*.  In reviewing its timeliness, the Court of Appeals found that, despite having mailed the notice on October 13, its *filing* was beyond the ten-day period that was previously set forth in FRBP 8002.  *Id*. at 2-3.  The Court also noted that even if the current 14-day window applied, Debtor's notice still would have been untimely because it was filed on the sixteenth day after the Bankruptcy Court had entered its order.  *Id*. at 3.  In the present case, the Order from which Appellant appeals was entered on the

3

docket on December 8, 2010. Therefore, in order to be considered timely, a notice of appeal of the Bankruptcy judgment had to be filed by December 22, 2010. Appellant, however, did not file her notice until December 28, 2010, twenty days after the entry of the judgment.

While Appellant concedes that she filed her notice of appeal after the expiration of the fourteen day period set forth in FRBP 8002, she contends that Federal Rule of Appellate Procedure ("FRAP") 26(c) allowed her to file notice three days after that expiration period. (Appellant's Opp'n Br. at 2, Mar. 14, 2011.) However, the Federal Rules of Appellate Procedure "govern procedure in the United States **court of appeals**" and FRAP 26(c), therefore, is inapplicable in this case.[1] *See* F.R.App.P. 1(a)(1) (emphasis added). In her opposition, Appellant also makes reference to FRBP 7062, Federal Rule of Civil Procedure ("FRCP") 62, FRBP 8017, and FRAP 41. However, none of these rules have anything to do with the time for filing an appeal from a bankruptcy judgment; FRBP 7062 and FRCP 62 concern the stay of proceedings to enforce a judgment, FRBP 8017 pertains to the stay of a judgment of the district court or a bankruptcy appeal panel, and, as aforementioned, the Federal Rules of Appellate

---

[1] Even if the Federal Rules of Appellate Procedure were applicable to this case, many courts have opined that the "mailbox rule" does not apply to the filing of a notice of appeal from a bankruptcy court judgment. *See e.g., In re Caterbone*, 2011 U.S. App. LEXIS 6782 at *2-3 (despite having mailed the notice of appeal within the 14-day filing period, Debtor's *filing* of the notice was beyond the 14-day window set forth in FRBP 8002 and was therefore untimely); *In re Robinson*, 640 F.2d 737, 738 (5th Cir. 1981) (stating that "notice must be filed within the [14]-day period to be effective . . . [N]otice by mail is insufficient until it is actually received . . . Because the notice of the appeal was not received . . . within [fourteen] days, the district court had no jurisdiction over the appeal"). Furthermore, Appellant *electronically* filed her notice on December 28, 2010 and since she did not use the mail for delivery, she would not be able to avail herself to the "mailbox" rule even if it were applicable.

Procedure are inapplicable in this Court.[2]  Lastly, Appellant contends that NMM is requesting a reconsideration of this Court's February 23, 2011 Order which, pursuant to FRBP 8015, would give her fourteen days from the decision on that motion to file her notice of appeal.  However, NMM's current motion makes clear that it is seeking the dismissal of Appellant's bankruptcy appeal, rendering any application of FRBP 8015 inappropriate.

Therefore, Appellant's Bankruptcy Court appeal must be dismissed because, in filing the notice of appeal on the twentieth day after entry of the Bankruptcy Court's Order, she failed to comply with the non-waivable jurisdictional requirements established by FRBP 8002, depriving this Court of jurisdiction.

### III.  CONCLUSION

For the foregoing reasons, this Court will grant Norris McLaughlin & Marcus, P.A.'s motion to dismiss.  An appropriate form of order will be filed together with this Opinion.

        s/Stanley R. Chesler
        STANLEY R. CHESLER
        United States District Judge

DATED: April 14, 2011

---

[2]  Assuming, arguendo, that the Federal Rules of Appellate Procedure apply to this case, Plaintiff's argument is unavailing since Rule 41 concerns the time to file a petition for a rehearing with the court of appeals, not the time for filing a notice of appeal.